UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEREK A. CLIFTON,                          :
                                           :
       Plaintiff                           :
                                           :
       v.                                  : CIVIL NO. 3:CV-14-1088
                                           :
JOHN E. WETZEL, *et al.*,                  : (Judge Kosik)
                                           :
       Defendants                          :

**MEMORANDUM**

Plaintiff, Derek Clifton, an inmate confined at the State Correctional Institution at Coal Township, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named as defendants are John E. Wetzel, Secretary of the Pennsylvania Department of Corrections, and the following employees at SCI-Coal Township: Vincent Mooney, Superintendent; Nancy Wilson, Business Manager; and Kelley Park, Accounting Assistant.  In the complaint, Plaintiff challenges the DOC's collection of costs, fines and restitution under 42 Pa. C.S. § 9728(b)(5) ("Act 84").  Pending is Plaintiff's motion for injunctive relief (Doc. 25.)  For the reasons that follow, the motion will be denied.

**I.    Background**

Service of the complaint was directed in this matter on August 22, 2014.  On

October 8, 2014, a Notice of Appearance of counsel on behalf of all Defendants was filed, along with a motion for enlargement of time within which to file a response to the complaint.  The motion was granted on October 9, 2014, and Defendants were directed to file their response to the complaint on or before December 8, 2014.  (Doc. 17.)  Thereafter, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment on December 8, 2014.  (Doc. 20.)  A supporting brief, statement of facts and appendix were also submitted on the same date.  (Docs. 21-23.)  Plaintiff failed to file any opposition to the motion within the time required for doing so by Rule 7.6 of the Local Rules for the Middle District of Pennsylvania.  As such, an order was issued on January 20, 2015 directing him to do so within fourteen (14) days, or risk the motion being deemed unopposed and addressed on the merits.  (Doc. 24.)

On February 10, 2015, Plaintiff submitted a document entitled "Motion for Injunction Relief" (Doc. 25).  In support of his request for injunctive relief, he simply states that funds are being collected from his inmate account under Act 84 without a court order, and that this is unconstitutional.  He argues that this is a hardship for him in that he has little money, and that in all court documents it clearly states that funds are not to be taken.  (*Id*.)  He neither submits a brief in support of his motion, nor cites to any legal authority within his motion.  He requests that any further withdrawals cease, and that any money deducted so far be returned to him.

2

On March 24, 2015, Plaintiff wrote a letter to the court claiming that Defendants have never responded to his complaint and also inquiring as to the status of his motion for injunctive relief.  (Doc. 26.)

## II.    Discussion

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  *See Rawls v. Pa. Dep't of Corr.*, 334 F. App'x 462, 464 (3d Cir. 2009); *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).  "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits."  *Anderson v. Davilla*, 125 F.3d 148, 156 (3d Cir. 1997).  The decision whether to grant a preliminary injunction is left to the sound discretion of the court.  *See Am. Exp. Travel Servs., Inc. v. Sidamon-Eristoff,* 669 F.3d 374, 385 (3d Cir. 2012).

In determining whether to grant a motion seeking preliminary injunctive relief, a court must consider four factors: (1) the likelihood of success on the merits; (2) any irreparable harm to the movant resulting from a denial of relief; (3) whether granting the relief will cause even greater harm to the non-moving party; and (4) whether the relief is in the public interest.  *See N.J. Retail Merchs. Ass'n. v. Sidamon-Eristoff,* 669 F.3d 374, 385 (3d Cir. 2012).

"Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer

3

irreparable harm before a decision on the merits can be rendered." *McLaughlin v. Fultz*, 2008 WL 239557, *4 (M.D. Pa. 2008).  The Third Circuit has demonstrated its resistence to using judicial power through the device of a preliminary injunction "to arrange relationships prior to a full determination on the merits . . . ." *See Campbell Soup Co. v. ConAgra Inc.*, 977 F.2d 86, 91 (3d Cir. 1992).  Speculative injury does not constitute a showing of irreparable harm. *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 ( 3d Cir. 1980).  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989).

Presently pending on the court's docket is Defendants' motion to dismiss, or in the alternative, for summary judgment, which raises multiple arguments as to why Plaintiff's claims are not meritorious.  A brief and evidentiary materials are submitted in support of the motion wherein Defendants raise viable arguments suggesting that Plaintiff is unable to demonstrate a likelihood of success on the merits of his claims.  Plaintiff has failed to file any opposition to the motion.  However, based upon the letter he submitted on March 24, 2015, it appears that he may not have received Defendants' motion or the court's warning order issued on January 20, 2015.

The instant motion also fails to demonstrate that Plaintiff will suffer any immediate irreparable injury before the court can render a decision on the merits of

his underlying claims. He seeks to halt the withdrawal of funds and to be reimbursed the funds already withdrawn. This is part of the relief that he seeks in the complaint pending before the court at this time. The purpose of a motion for injunctive relief is not to accelerate the judicial process by deciding on the merits the issues raised in a pending complaint. For these reasons, the motion for injunctive relief will be denied. The Clerk of Court will be directed to provide Plaintiff with a copy of Defendants' pending motion, supporting brief and appendix. (Docs. 20-23.) Plaintiff will be afforded another opportunity to file his opposition to the motion within twenty-one (21) days. His failure to do so will result in the motion being deemed unopposed and addressed on the merits. An appropriate order follows.